UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

CREDIT-BASED ASSET SERVICING AND
SECURITIZATION, LLC,

           Plaintiff,

           -against-

FIRST CONSOLIDATED MORTGAGE
COMPANY,

           Defendant.

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 7/2/09

08 Civ. 7757 (LBS) (AJP)

**REPORT AND RECOMMENDATION**

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Leonard B. Sand, United States District Judge:**

On May 11, 2009, Judge Sand entered a default judgment against defendant First Consolidated Mortgage Company and referred the matter to me for an inquest as to damages. (Dkt. No. 6: 5/11/09 Default Judgment Order.)

For the reasons set forth below, the Court should enter a default judgment for plaintiff Credit-Based Asset Servicing and Securization, LLC ("C-BASS") against defendant First Consolidated Mortgage Company for $2,401,363.90.

## FACTS

Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"

Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

The complaint alleges that on or about March 1, 2005, C-BASS and defendant First Consolidated entered into a Master Mortgage Loan Purchase Agreement. (Dkt. No. 1: Compl. ¶ 8 & Ex. 2; see also Dkt. No. 12: Mace Aff. ¶ 4.) The Agreement was modified by five Term Sheets from April 21, 2006 through December 28, 2006. (Mace Aff. ¶¶ 5-9 & Exs. B-F.)

Under the Purchase Agreement, defendant First Consolidated agreed to repurchase any mortgage loan in the event of an "Early Payment Default" and indemnify plaintiff for any losses (including legal fees) on such loans. (Compl. ¶¶ 13-15; see also Mace Aff. ¶¶ 11-16.) "C-BASS issued a written demand to Defendant to repurchase the Early Payment Default Loans for a sum equal to the repurchase price," but First Consolidated failed to do so. (Compl. ¶¶ 16-17.)

C-BASS also seeks reimbursement for attorneys' fees and costs pursuant to Sections 5(e), 5(f) and 19 of the Purchase Agreement. (Compl. ¶ 30; Mace Aff. ¶¶ 43-44.)

## ANALYSIS

The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping

Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).[1]

The "Early Payment Default Loans" are summarized in Mace Affidavit Exhibit A (Dkt. No. 12), and the calculation methodology is explained in Mace Affidavit paragraphs 19-37. The calculation methodology appears to be appropriate pursuant to the Purchase Agreement. Thus, plaintiff C-BASS is entitled to breach of contract damages on the Early Payment Default Loans of $2,386,078.20.

Plaintiff C-BASS also seeks $14,430 in legal fees (based on an hourly rae of $300 per hour) and $855.72 in costs. (Dkt. No. 10: Pinel Aff. ¶¶ 7-10.) C-BASS seeks legal fees for reviewing the transaction documents and preparing default notices to First Consolidated, pursuing this litigation including drafting the complaint, default judgment motion papers and inquest papers. (Pinel Aff. ¶ 5 & Ex. A.) The Court finds these amounts reasonable.

## CONCLUSION

For the reasons set forth above, the Court should enter judgment for plaintiff C-BASS against defendant First Consolidated for $2,401,363.90.

Plaintiff's counsel is to serve this Report and Recommendation on defendant and file an affidavit of service with the Clerk of Court.

---

[1]  Defendant First Consolidated did not respond to plaintiff C-BASS's motion for a default judgment or to C-BASS's inquest damages submissions, and the time to do so has passed. (See Dkt. No. 8: 5/27/09 Order.)

## **FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Leonard B. Sand, 500 Pearl Street, Room 1650, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Sand (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated:   New York, New York
         July 2, 2009

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies to:   Robert Alan Pinel, Esq.
             Judge Leonard B. Sand

H:\OPIN\